SPENCER HOSIE (No. 101777)
shosie@hosielaw.com
GEORGE F. BISHOP (No. 89205)
gbishop@hosielaw.com
HOSIE McARTHUR LLP
One Market, Spear Tower, 22nd Floor
San Francisco, California 94105
Telephone: (415) 247-6000
Facsimile: (415) 247-6001

Attorneys for Plaintiff
Zvue Corporation

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ZVUE CORPORATION<br><br>    Plaintiff,<br><br>v.<br><br>VUZE, INC.,<br><br>    Defendant. | Case No. C 08-0331 MEJ<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff ZVUE Corp. ("Zvue"), by and through its attorneys, hereby brings its complaint against defendant Vuze, Inc. For its complaint, Zvue alleges, on personal knowledge as to its own acts and on information and belief as to all other matters, as follows:

**THE PARTIES**

1.    Plaintiff Zvue is a Delaware corporation, with its principal place of business in San Francisco, California. Zvue was formerly known as Handheld Entertainment, Inc.

2.     Defendant Vuze, Inc. ("Vuze"), is a Delaware Corporation, with its principal place of business in Palo Alto, California. Vuze was formerly known as Azureus, Inc. ("Azureus"). Vuze and Azureus are referred to herein collectively as Vuze.

## JURISDICTION

3.     This Court has jurisdiction under 15 U.S.C §1121, 28 U.S.C. §1338(a) and (b) and 28 U.S.C. §1331, in that this case arises under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 *et seq*. This Court has jurisdiction of the unfair competition claims herein under the provisions of 28 U.S.C. §1338(b) in that said claims are joined with a substantial and related claim under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 *et seq*.

## VENUE

4.     Venue is proper under 28 U.S.C. 1391(b) and (c) in that Vuze resides and is found in this district, a substantial part of the events or omissions giving rise to the claim occurred in this district, and a substantial part of the trademark property that is the subject of the action is situated in this district.

## INTRADISTRICT ASSIGNMENT

5.     Pursuant to Northern District Local Rule No. 3-2(c), this case is subject to district-wide assignment because it is an Intellectual Property Action.

## BACKGROUND

6.     Zvue has developed and maintains an online service, which offers video downloads for sale from the www.zvue.com Internet site. The download site offers thousands of media files for download, including music videos, feature-length films, news clips, television shows and short films. Zvue also has developed and sells the Zvue® portable digital media player, which plays high quality video as well as high fidelity audio. Zvue has advertised and invested in the Zvue brand name for both of these complimentary products, thus building brand equity for both products.

7. Zvue adopted the mark Zvue® and used it for interstate commerce for goods and services including its online service and portable digital media player. On March 10, 2004, Zvue filed applications for registration of Zvue, as a standard character mark, and as words, letters, and/or numbers in stylized form (collectively "mark"), in the United States Patent and Trademark Office. On November 8, 2005, said mark was registered in the United States Patent and Trademark Office on the Principal Register under the Act of 1946, covering the use of said mark on the goods and services as set forth in Exhibits 1 and 2, which are copies of the registrations. Said registrations are now outstanding and valid.

8. Continuously since on or about December 24, 2003, Zvue has used the mark Zvue throughout the United States (and internationally) to identify its goods and services and to distinguish them from those made and sold by others, by, among other things, prominently displaying the mark Zvue: on www.zvue.com, Zvue's Internet site for advertising and sale of video downloads, and other Internet websites including sites from which Zvue goods and services are sold; on Zvue's goods, their packaging and the displays associated therewith; on advertising; on Zvue's stock ticker; and in periodicals distributed throughout the United States. Further, the Zvue mark has been prominently displayed in product reviews in online publications available nationwide such as c/net. The Zvue name has become associated by the public with the goods and services sold by Zvue.

9. Vuze recently began operating its own online service, which offers video downloads for sale from the www.vuze.com Internet site. This service directly competes with Zvue, as it offers music videos, television shows and other videos for download and sale.

10. Vuze chose to operate and market its Internet video download service under the name "Vuze," which is extremely similar to Zvue. Vuze, like Zvue, is a fanciful neologism, and consists of the same four letters as Zvue. The word chosen by Vuze to name its service differs from the word

Zvue only in that that the "z" in "Zvue" is moved from first position in the word to third position, to form "Vuze." More, Vuze, just like Zvue, consists solely of the letter "z" joined with a phonetic spelling of the word "view."

11. As if to ensure that consumers are deceived by its website, Vuze designed its logo so that it actually appears as "Zvue." In the logo, the "z" in Vuze is darkened, while the letters "vue" are left white, so that the "z" comes to the forefront and the name appears as "Zvue." Vuze, further, chose to use similar block letters, all of equal height, like Zvue. Vuze also increases consumer confusion by using the same black and blue color scheme on its website that Zvue uses on its site.

12. Members of the public, according to their own statements, see the Vuze name as "real similar to Zvue," with "the same exact letters." More, the public has read the Vuze logo as "z vue": "the Z in blue comes to the front and you see the vue in the back in white letters."

13. The confusion created by defendant's use of Vuze to identify its service is further enhanced by the fact that its service is a direct competitor of Zvue's service, utilizing the same channels of distribution, to provide video and audio downloads over the Internet. The Internet download sites of Zvue and Vuze are the primary points of both advertising and sales of the companies' services, so that Vuze's deceptive actions on its Internet site will result directly and immediately in consumers mistakenly purchasing Vuze's services instead of those of Zvue.

14. Vuze has infringed plaintiff's mark in interstate commerce by various acts, including offering for sale and advertising competing goods and services under the name and mark "Vuze." Vuze's use of said name and mark is without permission or authority of plaintiff and said use is likely to cause confusion, to cause mistake, and to deceive.

15. Vuze's acts of trademark infringement and unfair competition have been committed with the intent to cause confusion, mistake and deceive.

**FIRST CLAIM FOR RELIEF**
**(Trademark Infringement in Violation of the Lanham Act)**

16. Zvue incorporates and realleges, as though fully set forth herein, each allegation in paragraphs 1 through 15 above.

17. Vuze has offered for sale and advertised competing goods and services including its competing online download service, under the name and mark "Vuze." Vuze has caused its goods and services to enter into interstate commerce with the designation and representation "Vuze" connected therewith. Vuze's use of the name "Vuze" is a false designation of origin which is likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection or association of Vuze with Zvue and as to the origin, sponsorship, and approval of Vuze's goods, services and commercial activities by Zvue and/or the origin, sponsorship, and approval of Zvue's goods, services and commercial activities by Vuze. The acts alleged above constitute violations of the Lanham Act, 15 U.S.C. §§ 1051 et seq.

**SECOND CLAIM FOR RELIEF**
**(Common Law Unfair Competition)**

18. Zvue incorporates and realleges, as though fully set forth herein, each allegation in paragraphs 1 through 17 above.

19. Vuze has offered for sale and advertised competing goods and services including its competing online download service, under the name and mark "Vuze." Vuze has caused its goods and services to enter into interstate commerce with the designation and representation "Vuze" connected therewith. Vuze's use of the name "Vuze" is a false designation of origin which is likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection or association of Vuze with Zvue and as to the origin, sponsorship, and approval of Vuze's goods, services and commercial activities by Zvue and/or the origin, sponsorship, and approval of Zvue's goods, services and commercial activities by Vuze.

20. By the foregoing actual and threatened conduct Vuze has engaged in unfair competition.

### THIRD CLAIM FOR RELIEF
### (Unfair Competition in Violation of California Business & Professions Code Section 17200 et seq.)

21. Zvue incorporates and realleges, as though fully set forth herein, each allegation in paragraphs 1 through 20 above.

22. Vuze has offered for sale and advertised competing goods and services including its competing online download service, under the name and mark "Vuze." Vuze has caused its goods and services to enter into interstate commerce with the designation and representation "Vuze" connected therewith. Vuze's use of the name "Vuze" is a false designation of origin which is likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection or association of Vuze with Zvue and as to the origin, sponsorship, and approval of Vuze's goods, services and commercial activities by Zvue and/or the origin, sponsorship, and approval of Zvue's goods, services and commercial activities by Vuze.

23. By the foregoing actual and threatened conduct Vuze has engaged in unfair competition within the meaning of California Business and Professions Code Section 17200 *et seq.*, including acts and practices that are unfair, unlawful and fraudulent and are likely to deceive the public.

### DAMAGE

24. By reason of Vuze's acts alleged herein, Zvue has and will suffer damage to its business, reputation and good will and the loss of sales and profits Zvue would have made but for Vuze's acts. Also by reason of Vuze's acts, Vuze has been enriched and will continue to be enriched at the expense of Zvue.

25. Vuze threatens to do and continue to do the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Zvue's irreparable damage. It would be difficult to ascertain the amount of compensation which could afford Zvue adequate relief for such continuing acts, and a multiplicity of judicial proceeding would be required. Zvue's remedy at law is not adequate to compensate it for injuries threatened.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for relief as follows:

1. That this Court grant an injunction pursuant to 15 U.S.C. §1116, the principles of equity and California Business and Professions Code Section 17203, enjoining and restraining Vuze and its agents, servants and employees from (1) directly or indirectly using the name Vuze or any other mark, word, or name similar to Zvue's mark which is likely to cause confusion, mistake or to deceive or (2) continuing any and all acts of unfair competition as herein alleged;

2. That this Court, pursuant to 15 U.S.C. 1118, order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements, and all computer, Internet or other electronic expressions, in the possession of Vuze bearing the mark Vuze, and all plates, molds, matrices, computer programs or software or other electronic means, and other means of making the same, shall be delivered up and destroyed;

3. That Vuze be required to account to Zvue for any and all profits derived by Vuze from the sale of its goods and its illegal conduct, and that Vuze disgorge the gains made as result of its illegal conduct and make full restitution to Zvue;

4. That this Court award Zvue all damages sustained by Zvue by reason of said acts of infringement and unfair competition complained of herein;

5. That this Court award Zvue treble the amount of actual damages suffered by it;

6. That this Court award Zvue punitive and exemplary damages;

7. That costs of this action be awarded to Zvue;

8. That this is an exceptional case and that Zvue be awarded its reasonable attorney fees; and

9. That this Court grant such other and further relief as it shall deem just and proper.

Dated: January 17, 2008

                                        Respectfully submitted,


                                        By:   /s/ George F. Bishop
                                                 SPENCER HOSIE (No. 101777)
                                                 shosie@hosielaw.com
                                                 GEORGE F. BISHOP (No. 89205)
                                                 gbishop@hosielaw.com
                                                 HOSIE McARTHUR LLP
                                                 One Market, Spear Tower, 22nd Floor
                                                 San Francisco, California  94105
                                                 Telephone:  (415) 247-6000
                                                 Facsimile:  (415) 247-6001

                                                 Attorneys for Plaintiff
                                                 Zvue Corporation

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: January 17, 2008

By: /s/ George F. Bishop
SPENCER HOSIE (No. 101777)
shosie@hosielaw.com
GEORGE F. BISHOP (No. 89205)
gbishop@hosielaw.com
HOSIE McARTHUR LLP
One Market, Spear Tower, 22nd Floor
San Francisco, California 94105
Telephone: (415) 247-6000
Facsimile: (415) 247-6001

Attorneys for Plaintiff
Zvue Corporation

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, Plaintiff, by its undersigned attorneys, certifies that as of this date, there is no such interest to report.

Dated: January 17, 2008                    Respectfully submitted,


   /s/ George F. Bishop_____
SPENCER HOSIE (No. 101777)
shosie@hosielaw.com
GEORGE F. BISHOP (No. 89205)
gbishop@hosielaw.com
HOSIE McARTHUR LLP
One Market, Spear Tower, 22nd Floor
San Francisco, California  94105
Telephone:  (415) 247-6000
Facsimile:   (415) 247-6001

Attorneys for Plaintiff
Zvue Corporation