JOHN L. SLAFSKY, State Bar No. 195513
HOLLIS BETH HIRE, State Bar No. 203651
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
Email: jslafsky@wsgr.com; hhire@wsgr.com

Attorneys for Defendant
Vuze, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZVUE CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>VUZE, INC.,<br><br>  Defendant. | CASE NO.: 08-CV-0331 WHA (MEJ)<br><br>**ANSWER AND COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL** |
| VUZE, INC.,<br><br>  Counterclaimant,<br><br>  v.<br><br>ZVUE CORPORATION,<br><br>  Counterclaim Defendant. | |

## **ANSWER**

Defendant Vuze, Inc. ("Vuze") answers the Complaint of Plaintiff ZVUE Corporation ("ZVUE") as follows:

1. In response to the allegations of Paragraph 1 of the Complaint, Vuze lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the allegations.

-1-

1. 2. Vuze admits the allegations of Paragraph 2 of the Complaint.
2. 3. In response to the allegations of Paragraph 3 of the Complaint, Vuze lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the allegations.
3. 4. Vuze admits the allegations of Paragraph 4 of the Complaint.
4. 5. Vuze admits the allegations of Paragraph 5 of the Complaint.
5. 6. In response to the allegations of Paragraph 6 of the Complaint, Vuze lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the allegations.
6. 7. In response to the allegations of Paragraph 7 of the Complaint, Vuze lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the allegations.
7. 8. In response to the allegations of Paragraph 8 of the Complaint, Vuze lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the allegations.
8. 9. Vuze denies the allegations of Paragraph 9 of the Complaint.
9. 10. Vuze denies the allegations of Paragraph 10 of the Complaint.
10. 11. Vuze denies the allegations of Paragraph 11 of the Complaint.
11. 12. In response to the allegations of Paragraph 12 of the Complaint, Vuze lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the allegations.
12. 13. Vuze denies the allegations of Paragraph 13 of the Complaint.
13. 14. Vuze denies the allegations of Paragraph 14 of the Complaint.
14. 15. Vuze denies the allegations of Paragraph 15 of the Complaint.
15. 16. Vuze incorporates its responses to each of the allegations in Paragraphs 1 through 15 above.
16. 17. Vuze denies the allegations of Paragraph 17 of the Complaint.

18. Vuze incorporates its responses to each of the allegations in Paragraphs 1 through 17 above.

19. Vuze denies the allegations of Paragraph 19 of the Complaint.

20. Vuze denies the allegations of Paragraph 20 of the Complaint.

21. Vuze incorporates its responses to each of the allegations in Paragraphs 1 through 20 above.

22. Vuze denies the allegations of Paragraph 22 of the Complaint.

23. Vuze denies the allegations of Paragraph 23 of the Complaint.

24. Vuze denies the allegations of Paragraph 24 of the Complaint.

25. Vuze denies the allegations of Paragraph 25 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Failure to State a Claim)

26. The Complaint, and each claim asserted within it, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

### (Laches)

27. ZVUE is barred from relief in this action under the doctrine of laches.

### Third Affirmative Defense

### (Estoppel)

28. ZVUE is barred from relief in this action under the doctrine of estoppel.

### Fourth Affirmative Defense

### (Acquiescence)

29. ZVUE is barred from relief in this action under the doctrine of acquiescence.

### Fifth Affirmative Defense

### (Unclean hands)

30. ZVUE's claims are barred by the doctrine of unclean hands.

### Sixth Affirmative Defense

### (Failure to Mitigate Damages)

31. ZVUE's claims are barred by its failure to mitigate damages.

### Seventh Affirmative Defense

### (Abandonment of Trademarks)

32. On information and belief, the trademarks as listed in the registrations alleged in the Complaint (Trademark Registration No. 3,013,096 for ZVUE and Trademark Registration No. 3,013,097 for ZVUE and Design) (collectively, the "ZVUE Registrations") have been abandoned or partially abandoned. The Registrations are therefore subject to cancellation or partial cancellation, and ZVUE is barred from relief based upon the ZVUE Registrations.

### Eighth Affirmative Defense

### (Procurement of Registrations)

33. On information and belief, ZVUE has made false or improper representations with the intent to induce the U.S. Patent and Trademark Office to issue a trademark registration. The ZVUE Registrations are therefore subject to cancellation or partial cancellation, and ZVUE is barred from relief based upon the Registrations.

### Ninth Affirmative Defense

### (Coexistence at U.S. Patent and Trademark Office)

34. Vuze is the owner of two published and allowed applications for registration of the VUZE trademark pending at the U.S. Patent and Trademark Office (Application Serial Nos. 77/975272 and 77/080690). Application Serial No. 77/975272 is awaiting registration, and Application Serial No. 77/080690 is awaiting a Notice of Allowance. The U.S. Patent and Trademark Office did not cite the ZVUE Registrations against Vuze's applications, and ZVUE did not oppose the Vuze applications when they were published for opposition. As the U.S. Patent and Trademark Office has approved the applications despite the ZVUE Registrations, ZVUE is barred from relief based upon an alleged likelihood of confusion between Vuze's mark and the mark in the ZVUE Registrations.

## COUNTERCLAIM FOR CANCELLATION

Counterclaimant Vuze, Inc. ("Vuze") hereby counterclaims as follows against Counterclaim Defendant ZVUE Corporation ("ZVUE"):

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the trademark laws of the United States.

2. Venue is proper and should be maintained in this Court pursuant to 28 U.S.C. § 1391.

## INTRADISTRICT ASSIGNMENT

3. This action is an intellectual property action. Pursuant to Civil Local Rule 3-2(c), it may be assigned on a district-wide basis. This Counterclaim, however, is properly filed in the San Francisco Division, because the original Complaint was so assigned.

## THE PARTIES

4. Based on the allegations in Paragraph 1 of the Complaint, Vuze is informed and believes and therefore alleges that Counterclaim Defendant ZVUE is a Delaware corporation with its principal place of business in San Francisco, California. Based on the allegations in Paragraph 1 of the Complaint, ZVUE was formerly known as Handheld Entertainment, Inc. (The term "ZVUE" refers to the entity since its inception, whether known as ZVUE or Handheld Entertainment.)

5. Counterclaimant Vuze is a Delaware corporation with its principal place of business in Palo Alto, California.

## COUNTERCLAIM

**(Cancellation of Registrations – Fraud on the U.S. Patent and Trademark Office)**

6. Based on the allegations in Paragraph 7 of the Complaint, and Exhibits 1 and 2 to the Complaint, ZVUE claims to be the owner of United States Trademark Registration Nos. 3,013,096 and 3,013,097 for the marks ZVUE and ZVUE and Design (the "ZVUE Registrations"). ZVUE claims that the ZVUE Registrations are outstanding and valid.

7. Based on the allegations in Paragraph 7 of the Complaint, and Exhibits 1 and 2 to the Complaint, the ZVUE Registrations list the following goods and services:

-- Portable electronic entertainment device that allows the user to listen to music and view video and images; compression devices and storage media therefor, namely blank digital memory cards; computer game programs, in International Class 9;

-- Hand held unit for playing portable electronic games; toy, namely, battery-powered portable electronic computer game with LCD screen which features animation and sound effects, in International Class 28;

-- Distributorships in the field of portable entertainment devices, in International Class 35; and

-- Providing information on-line via an Internet web site relating to computer games for portable entertainment devices and computer enhancements for games for portable entertainment devices, in International Class 41.

8. On information and belief, on March 14, 2004 ZVUE (then known as HandHeld Entertainment, Inc.) filed two applications for registration of the mark ZVUE with the U.S. Patent and Trademark Office (the "ZVUE Applications"). On information and belief, the ZVUE Applications eventually matured into the ZVUE Registrations.

9. On information and belief, the ZVUE Applications were based on current use in commerce of the ZVUE and ZVUE and Design marks for the listed goods and services, and claimed a date of first use for all classes of at least as early as December 24, 2003.

10. On information and belief, the ZVUE Applications included the following listing of goods and services:

--Portable entertainment device, namely a portable music, video, and image player; compression devices and storage media therefor, in International Class 9;

--Portable, electronic games, in International Class 28; and

--Distribution of educational and entertainment materials for use with portable entertainment devices, in International Class 41.

11. On information and belief, the ZVUE Applications contained a signed declaration that all statements in the applications were true.

12. On information and belief, the ZVUE Applications contained statements of material fact which were false, and which ZVUE knew were false.  Specifically, on information and belief, ZVUE never offered or sold portable, electronic games, and did not at the time of signing the declaration offer or sell portable, electronic games in connection with the ZVUE or ZVUE and Design marks.  ZVUE nevertheless knowingly and falsely stated that it was using the ZVUE and ZVUE and Design marks in commerce in connection with portable, electronic games with the intent of inducing the U.S. Patent and Trademark Office to act in reliance on the misrepresentations in awarding a registration for portable, electronic games.

13. On information and belief, the U.S. Patent and Trademark Office did rely on ZVUE's misrepresentations in issuing the ZVUE Registrations.

14. Vuze has been damaged and will likely continue to be damaged by the ZVUE Registrations, as ZVUE is relying on such registrations as a basis for this action for trademark infringement.

15. Accordingly, Vuze is entitled to an order from this Court canceling the ZVUE Registrations.  With respect to this order, Vuze requests certification to the Director of the U.S. Patent and Trademark Office instructing the Director to make the appropriate entries upon the U.S. Patent and Trademark Office's records.

## PRAYER FOR RELIEF

WHEREFORE, Vuze requests judgment in its favor and against ZVUE as follows:

A.      Dismissing ZVUE's Complaint with prejudice and declaring that ZVUE take nothing by way of its Complaint;

B.      Ordering the Director of the U.S. Patent and Trademark Office to cancel ZVUE's United States Trademark Registration Number 3,013,096 for ZVUE and United States Trademark Registration Number 3,013,097 for ZVUE and Design;

C.      Awarding Vuze its costs incurred in this action, together with reasonable attorneys' fees; and

1      D.    Awarding such other and further relief as the Court deems just and proper.

Dated: March 11, 2008                      WILSON SONSINI GOODRICH & ROSATI
                                                 Professional Corporation

                                                 By:    /s/ Hollis Beth Hire
                                                             John L. Slafsky
                                                              Hollis Beth Hire

                                                 Attorneys for Defendant
                                                 Vuze, Inc.

# DEMAND FOR JURY TRIAL

Defendant and Counterclaimant Vuze, Inc. hereby demands a trial by jury of this action pursuant to Federal Rule of Civil Procedure 38 and Civil L.R. 3-6.

Dated: March 11, 2008

WILSON SONSINI GOODRICH & ROSATI  
Professional Corporation

By:   /s/ Hollis Beth Hire  
      John L. Slafsky  
      Hollis Beth Hire

Attorneys for Defendant  
Vuze, Inc.

1  JOHN L. SLAFSKY, State Bar No. 195513
   HOLLIS BETH HIRE, State Bar No. 203651
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile: (650) 493-6811
5  Email: jslafsky@wsgr.com; hhire@wsgr.com

6  Attorneys for Defendant
   Vuze, Inc.
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10 ZVUE CORPORATION,              )  CASE NO.: 08-CV-0331 WHA (MEJ)
                                  )
11         Plaintiff,              )  **CERTIFICATION OF**
                                  )  **INTERESTED ENTITIES OR**
12     v.                          )  **PERSONS**
                                  )
13 VUZE, INC.,                     )
                                  )
14         Defendant.              )
                                  )
15 ─────────────────────────────────
                                  )
16 VUZE, INC.,                     )
                                  )
17         Counterclaimant,        )
                                  )
18     v.                          )
                                  )
19 ZVUE CORPORATION,               )
                                  )
20         Counterclaim Defendant. )
   ─────────────────────────────────
21

22     Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons,

23 associations of persons, firms, partnerships, corporations (including parent corporations) or other

24 entities (i) have a financial interest in the subject matter in controversy or in a party to the

25 proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be

26 substantially affected by the outcome of this proceeding:

27         --BV Capital

28         --Greycroft Partners

           -- Olivier Chalouhi

-10-
CERTIFICATION OF INTERESTED ENTITIES
CASE NO.: 08-CV-0331 WHA (MEJ)

| | |
|---|---|
| 1   Dated: March 11, 2008 | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation |
| 2 | |
| 3 | By:  /s/ Hollis Beth Hire |
| 4 | John L. Slafsky<br>Hollis Beth Hire |
| 5 | Attorneys for Defendant<br>Vuze, Inc. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CERTIFICATION OF INTERESTED ENTITIES
CASE NO.: 08-CV-0331 WHA (MEJ)

-11-

3304924_2.DOC